IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JERONIMO WEBER, | § | |
| *Plaintiff,* | § | Civil Action No. _____ |
| | § | |
| vs. | § | **JURY DEMANDED** |
| | § | |
| STATE FARM LLOYDS, | § | |
| *Defendant.* | § | |

## INDEX OF DOCUMENTS FILED WITH NOTICE OF REMOVAL

| **EXHIBIT "A"** | - | State Court Documents | |
|---|---|---|---|
| **Tab No.** | | **State Court Document** | **Date Filed** |
| A-1 | | Court's Docket Sheet | N/A |
| A-2 | | Plaintiff's Original Petition | 10/30/2015 |
| A-3 | | Citation Issued by Certified Mail for State Farm Lloyds | 12/8/2015 |
| A-4 | | Defendant State Farm Lloyds Original Answer and Request for Disclosure | 12/10/2015 |

# EXHIBIT "A"

# EXHIBIT "A-1"

398TH DISTRICT COURT

# CASE SUMMARY
## CASE NO. C-5472-15-I

Jeronimo Weber §
VS. §
State Farm Lloyds §
§

Location: **398th District Court**
Judicial Officer: **Salinas Flores, Aida**
Filed on: **10/30/2015**

---

## CASE INFORMATION

Case Type: **Contract - Consumer/Commercial/Debt (OCA)**
Subtype: **Hail Storm 2012 - 93rd**

---

| DATE | CASE ASSIGNMENT |
|---|---|

**Current Case Assignment**
Case Number                C-5472-15-I
Court                      398th District Court
Date Assigned              10/30/2015
Judicial Officer           Salinas Flores, Aida

---

## PARTY INFORMATION

| | | *Lead Attorneys* |
|---|---|---|
| **Plaintiff** | **Weber, Jeronimo** | **DEGROOT, DAVID A.** *Retained* 956-627-2787(W) |
| **Defendant** | **State Farm Lloyds** | **Cowen, Sarah Pierce** *Retained* 956-994-9170(W) |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 12/10/2015 | Answer *Defendant State Farm Lloyd's Original Answer and Request for Disclosure* | |
| 12/08/2015 | Service Returned *State Farm Lloyds served on 11/18/15* | |
| 11/10/2015 | Service Issued | |
| 11/10/2015 | **Citation** State Farm Lloyds Served: 11/18/2015 *1 cit emailed back to: sj@degrootlaw.org* | |
| 10/30/2015 | Original Petition (OCA) *Plaintiff's Original Petition* | |

DATE __12/11/15__
A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By _____ Deputy#13

---

| DATE | FINANCIAL INFORMATION |
|---|---|

**Defendant**  State Farm Lloyds
Total Charges                                            2.00
Total Payments and Credits                               2.00
**Balance Due as of 12/11/2015**                         **0.00**

**Plaintiff**  Weber, Jeronimo
Total Charges                                          284.00

*Printed on 12/11/2015 at 2:31 PM*

398TH DISTRICT COURT

# CASE SUMMARY
## CASE NO. C-5472-15-I

| | |
|---|---:|
| Total Payments and Credits | 284.00 |
| **Balance Due as of  12/11/2015** | **0.00** |

# EXHIBIT "A-2"

Electronically Filed
10/30/2015 4:26:16 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

CAUSE NO. C-5472-15-I

| | | |
|---|---|---|
| JERONIMO WEBER, | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| VS. | § | |
| | § | |
| STATE FARM LLOYDS, | § | HIDALGO COUNTY, TEXAS |
| | § | |
| **Defendant.** | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE COURT:

COMES NOW, Jeronimo Weber ("Plaintiff"), and files this, his *Original Petition* complaining of Defendant, State Farm Lloyds, ("Insurer") and would respectfully show the Court the following:

### I. Discovery Control Plan

1. Plaintiff intends to conduct Level 3 discovery under Texas Rules of Civil Procedure 190.4.

### II. Parties

2. Plaintiff, Jeronimo Weber is an individual residing in Hidalgo County, Texas, and may be served through his attorney of record at the address below.

3. Defendant State Farm Lloyds is a domestic insurance company registered to do business in the state of Texas and can be served with process by certified mail return receipt requested through its registered agent, Corporation Service Company Attn: State Farm Lloyds, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

DATE 12/11/15

A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By _____ Deputy#13

Electronically Filed
10/30/2015 4:26:16 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-5472-15-I

### III. Venue and Jurisdiction

4. Suit is proper in Hidalgo County, Texas because all or a substantial part of the events giving rise to the lawsuit occurred in this county, and the real property at issue is located in Hidalgo County, Texas. Tex.Civ.P.Rem. Code §15.002 (a)(1). Further, the contract upon which this suit is based was executed in Hidalgo County, Texas. Tex.Civ.P.Rem. Code §15.035(b). Because this suit has been filed against an insurance entity, the 206th Judicial District Court has jurisdiction over all pretrial issues in this matter, in accordance with the Order assigning cases for pretrial matters concerning Hidalgo County Residential and Commercial Hail Claims entered by the Hidalgo County District Court Judges on June 17, 2013.

### IV. Facts

5. Insurer issued an insurance policy naming Plaintiff as the insured and providing coverage for direct physical loss caused by windstorm or hail to his property located at 111 SE Augusta Square, McAllen, Texas 78503-1207. Pursuant to the terms of the policy, numbered 83-BU-H393-9, Plaintiff had insurance protection on the dwelling and on personal property for any and each such loss resulting from windstorm and hail damage. The building and contents insured pursuant to the insurance contract sustained damage as the result of two massive hail storms, which struck the Rio Grande Valley area on March 29, 2012 and on April 20, 2012, during the policy period. The hail and wind storm created openings in the building through which rain and hail entered and caused extensive damage. Plaintiff filed a claim and Insurer assigned claim number 53-144L-429.

6. Thereafter, the insurer conducted a pretextual and faulty investigation. Insurer underpaid Plaintiff property damage claim even though liability for such damages was reasonably clear.

Electronically Filed
10/30/2015 4:26:16 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-5472-15-I

7. Insurer wrongfully denied and/or underpaid Plaintiff claim under the policy. Plaintiff seeks a declaration that his claimed losses are covered occurrences under the Policy and seek damages for his insurer's wrongful denial.

8. Plaintiff first hired a public adjuster to pursue his claims, but when the Insurer failed to compensate them as required under the policy, Plaintiff hired the undersigned attorney to pursue the matter following his insurer's mishandling of the claim. After an investigation was completed on behalf of Plaintiff, a written demand for payment was made on July 22, 2014. To date, Insurer has failed and refused to pay Plaintiff for his attorney's fees, expenses and mental anguish in having to pursue that which he is entitled under his policy of insurance.

9. The actual damages incurred by Plaintiff in the storms is $200,086.27.

## V. Causes of Action

**Cause of Action 1: Breach of Contract**

10. Plaintiff incorporates each of the previous paragraphs as if fully set forth herein.

11. Plaintiff paid the premiums under the Policy and met the conditions precedent to the insurer's obligation to pay the Plaintiff losses under the Policy.

12. Insurer failed and refused to pay the value of the Plaintiff claim, thereby materially breaching the Policy and causing Plaintiff to suffer those losses together with other harm as described further in this petition.

**Cause of Action 2: Violation of the Texas Deceptive Trade Practices Act**

13. Plaintiff incorporate each of the previous paragraphs as if fully set forth herein.

14. At the time of Plaintiff purchase of the Policy, Defendant insurer was engaged in the business of risk management and for all practical purposes was also engaged in the business of insurance. This insurer underwrote the Policy and provided licensed adjusters to investigate and

Electronically Filed
10/30/2015 4:26:16 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-5472-15-I

adjust claims.

15. Insurer's conduct constitutes unfair and deceptive acts or practices in violation of the following sections of the Texas Deceptive Trade Practices-Consumer Protection Act:

17.46(b)(5), for representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not;

17.46(b)(7), for representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; and

17.46(b)(12), for representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law.

16. Plaintiff brings suit under these sections of the Texas Deceptive Trade Practices for his actual damages, as set forth above, and by reason of Defendant Insurer's knowing and/or intentional conduct, brings suit for additional damages as allowed by Section 17.50(b)(l) of the Texas Business and Commerce Code.

**Cause of Action 3:  Texas Insurance Code Violations**

17. Plaintiff incorporates each of the previous paragraphs as if fully set forth herein.

18. More than thirty days prior to the filing of this suit, written demand for payment and notice of complaint pursuant to the Texas Insurance Code, Sections 541 and 542, *et seq.* was sent to Defendant insurer.  All notices and proofs of loss were timely given in such manner as to fully comply with the terms and conditions of the Policy and applicable law. In the alternative, Plaintiff alleges that as to any such term, condition, notice, or requirement, his insurer has waived them, and is estopped from asserting them, and/or Plaintiff substantially complied with them.  Plaintiff makes the same allegations of waiver or estoppel as to every defense or exclusion pleaded by his insurer in this action, and as to each claim for breach of contract or statutory

Electronically Filed
10/30/2015 4:26:16 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-5472-15-I

violation as to Defendant.

19. In mishandling these claims and failing to provide significant evidence to support their position, Insurer has violated the following sections of the Texas Insurance Code:

541.060(a)(2)(A), by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which this insurer's liability has become reasonably clear;

541.060(a)(4)(A), by failing within a reasonable time to affirm or deny coverage of a claim to a policyholder;

541.060(a)(7), by refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

542.003(a), by engaging in unfair claims settlement practices, as described in 542.003(b), to wit:

(1) knowingly misrepresenting to a claimant pertinent facts or policy provisions relating to coverage at issue;

(2) failing to acknowledge with reasonable promptness pertinent communications relating to a claim arising under the insurer's policy;

(3) failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies;

(4) not attempting in good faith to effect a prompt, fair, and equitable settlement of a claim submitted in which liability has become reasonably clear; and

(5) compelling a policyholder to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder.

542.057(a), by failing to pay the full amount of the insured's claim no later than the fifth business day after the insurer gave notice it would pay the claim.

Defendant's violations of the Texas Insurance Code have proximately caused Plaintiff damages.

Plaintiff furthers seek interest and attorney's fees under Section 542.060 of the Texas Insurance Code for Defendant insurer's violations.

Electronically Filed
10/30/2015 4:26:16 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-5472-15-I

**Cause of Action 4:   Breach of the Duty of Good Faith and Fair Dealing and Breach of Fiduciary Duty**

20. Plaintiff incorporates each of the previous paragraphs as if fully set forth herein.

21. From and after the time Plaintiff claims was presented to his insurer, liability to pay the claim in accordance with the terms of the Policy was reasonably clear.  Despite there being no basis whatsoever on which a reasonable insurance or risk management company would have relied to adjust Plaintiff claim, Insurer refused to accept the claim payable to Plaintiff as the Policy required.  Despite losses clearly identified by Plaintiff, insurer underpaid each and every part of Plaintiff claim.

22. At that time, Defendant insurer knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear.  In this regard, Defendant insurer failed to conduct a reasonable, proper investigation of the claim and refused to rely on the true facts resorting instead to producing faulty, incomplete, and biased reasons as subterfuges to avoid paying a valid claim.

23. Consequently, Insurer breached its duty to deal fairly and in good faith with the Plaintiff.  The breach was a proximate cause of the losses, expenses, and damages suffered by the Plaintiff.  Insurer also breached their fiduciary duties to Plaintiff that arose out of the special relationship that existed between the parties causing damages to the Plaintiff.

**Cause of Action 5:  Negligence**

24. Plaintiff incorporate each of the previous paragraphs as if fully set forth herein.

25. Insurer, its agents, servants, and employees, owed Plaintiff a duty to conduct their claims handling, investigation and adjustment in a reasonable manner and in accordance with the appropriate standard of care in the business of insurance.  Insurer breached this standard of care, and the damages sustained by Plaintiff were proximately caused, in whole or in part, by the

Electronically Filed
10/30/2015 4:26:16 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-5472-15-I

negligence of the insurer, its agents, servants, or employees in their claims handling, investigation, and adjustment of these claims.

## Cause of Action 6: Gross Negligence

26. Plaintiff incorporates each of the previous paragraphs as if fully set forth herein.

27. Insurer's negligence demonstrated a willful and wanton disregard for the rights, welfare, and safety of Plaintiff. Therefore, Plaintiff is entitled to exemplary damages against insurer.

### VI. Actual and Treble Damages

28. Plaintiff incorporates each of the previous paragraphs as if fully set forth herein.

29. Insurer's conduct as described above was a producing cause of Plaintiff's economic damages. As a result, Plaintiff sustained damages in an amount in excess of the minimum jurisdiction.

30. These acts and omissions on Defendant insurer's part were done knowingly, that is, with an actual awareness of the falsity, unfairness, or deception of the conduct described.

31. Consequently, Plaintiff request that the trier of fact award to it additional damages of up to three (3) times the sum of actual damages suffered.

### VII. Rule 47(c) Statement

32. In accordance with Texas Rule of Civil Procedure 47(c), Plaintiff plead that the relief he seek is monetary in nature and is over $200,000 but not more than $1,000,000.

### VIII. Attorney's Fees

33. Plaintiff incorporates each of the previous allegations set forth herein.

34. The insurer's conduct as described in this petition and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retention of the attorney whose name is subscribed to this

Electronically Filed
10/30/2015 4:26:16 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-5472-15-I

petition. Plaintiff is, therefore, entitled to recover from Defendant an additional sum to compensate Plaintiff for a reasonable fee for such attorney's necessary services in the preparation and prosecution of this action, as well as a reasonable fee for any and all necessary appeals to other courts. Plaintiff has presented his claim for attorney's fees, but insurer chose to ignore it. Thus, Plaintiff requests attorney's fees under Texas Civil Practice and Remedies Code §38.001, et seq., the Texas Insurance Code, and the Texas Deceptive Trade Practices Act.

## IX. Exemplary Damages

35. Plaintiff incorporates each of the previous allegations set forth herein.

36. The conduct, occurrences, representations, acts, omissions, gross negligence, bad faith, and all other allegations against Insurer stated in this petition rise to the level that exemplary damages are warranted under Section 41.003 of the Texas Civil Practice & Remedies Code.

## X. Conditions Precedent

37. All of the conditions precedent to bringing this suit and to Insurer's liability under the Policy for the claims alleged have been performed or have occurred.

## XI. Jury Demand

38. Plaintiff respectfully request trial of this cause before a Hidalgo County jury.

## XII. Prayer

**WHEREFORE**, Plaintiff requests that Insurer be cited to appear and answer, and that on final trial, Plaintiff has the following:

a. Judgment against the insurer for actual damages and exemplary damages in excess of the minimum jurisdictional limits of this Court;

b. By reason of insurer's knowing and intentional conduct, treble damages as

Electronically Filed
10/30/2015 4:26:16 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-5472-15-I

allowed by Section 17.50(b)(1) of the Texas Business and Commerce Code;

c.      Prejudgment interest as provided by law;

d.      Postjudgment interest as provided by law;

e.      Attorney's fees;

f.      Costs of suit; and

g.      All other relief to which Plaintiff may show himself entitled, either at law or in

        equity, either general or special, under the facts set forth in him petition.


                        Respectfully submitted,

                        **The DeGroot Law Firm, PLLC**
                        3827 N. 10th St., Ste. 304
                        McAllen, Texas 78501
                        Tel:  (956) 627-2787
                        Fax:  (956) 627-4363


                        _____
                        DAVID DEGROOT
                        State Bar No. 24044444
                        Attorney for Plaintiff
                        Jeronimo Weber

# EXHIBIT "A-3"

*7015 1520 0002 7548 0146*

Electronically Filed
12/8/2015 1:27:42 PM
Hidalgo County District Clerks
Reviewed By: Amanda Pena

C-5472-15-I

## 398TH DISTRICT COURT, HIDALGO COUNTY, TEXAS

### CITATION

### STATE OF TEXAS

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**State Farm Lloyds**
**By serving its agent: Corporation Service Company**
**211 East 7th Street Suite 620**
**Austin TX 78701-3218**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Aida Salinas Flores, 398th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on the on this the 30th day of October, 2015 and a copy of same accompanies this citation. The file number and style of said suit being C-5472-15-I, **JERONIMO WEBER VS. STATE FARM LLOYDS**

Said Petition was filed in said court by DAVID A. DEGROOT, 3827 N 10TH ST STE 304 MCALLEN TX 78501.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 10th day of November, 2015.

**LAURA HINOJOSA, DISTRICT CLERK**
**HIDALGO COUNTY, TEXAS**

*Irene Caceres.*

**IRENE CACERES, DEPUTY CLERK**

DATE 12/11/15

A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By_____ Deputy#13

Electronically Filed
12/8/2015 1:27:42 PM
Hidalgo County District Clerks
Reviewed By: Amanda Pena

### C-5472-15-I
### OFFICER'S RETURN

Came to hand on ___11___ of ___November___, 201_5_ at _3:00_ o'clock _P_ .m. and executed in ___Travis___ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
| See Attached Green Card | 11/18/15 | 9:50 A.M. | By Certified Mail |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:   serving ... copy(s) $_____
         miles ...................$_____

_Joseph Gerlicki_
~~DEPUTY~~    Authorized Person

### COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _Joseph Gerlick_, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _Travis_ County, State of Texas, on the _18_ day of _November_, 201_5_.

_Joseph Gerlick_
**Declarant"**

_10-31-2016 - SCH3003_

**If Certified by the Supreme Court of Texas
Date of Expiration / SCH Number**

Electronically Filed
12/8/2015 1:27:42 PM
Hidalgo County District Clerks
Reviewed By: Amanda Pena

**SENDER: COMPLETE THIS SECTION**

- ☑ Complete items 1, 2, and 3.
- ☑ Print your name and address on the reverse so that we can return the card to you.
- ☑ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

State Farm Lloyds
Corporation Service Company
211 East 7th Street Ste 620
Austin TX. 78701-3218

9590 9403 0902 5223 4844 73

7015 1520 0002 7548 0146

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X

☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☑ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Restricted Delivery

- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

12/7/2015

USPS.com® - USPS Tracking®

Electronically Filed
12/8/2015 1:27:42 PM
Hidalgo County District Clerks
Reviewed By: Amanda Pena
Register / Sign

English      Customer Service      USPS Mobile

**USPS.COM**

# USPS Tracking®

 Customer Service ›
Have questions? We're here to help.

 Get Easy Tracking Updates ›
Sign up for My USPS.

Tracking Number: **70151520000275480146**

Updated Delivery Day: **Thursday, November 19, 2015**

## Product & Tracking Information

Postal Product:  Features:

      Certified Mail™

### Available Actions

Text Updates

Email Updates

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| November 18, 2015 , 9:50 am | Delivered | AUSTIN, TX 78744 |

Your item was delivered at 9:50 am on November 18, 2015 in AUSTIN, TX 78744.

| | | |
|---|---|---|
| November 18, 2015 , 9:49 am | Available for Pickup | AUSTIN, TX 78744 |
| November 18, 2015 , 9:36 am | Arrived at Unit | AUSTIN, TX 78744 |
| November 18, 2015 , 1:24 am | Departed USPS Facility | AUSTIN, TX 78710 |
| November 17, 2015 , 1:10 pm | Arrived at USPS Facility | AUSTIN, TX 78710 |
| November 16, 2015 , 10:57 pm | Departed USPS Facility | MCALLEN, TX 78501 |
| November 16, 2015 , 4:31 pm | Arrived at USPS Facility | MCALLEN, TX 78501 |

## Track Another Package

**Tracking (or receipt) number**

| 70151520000275480146 | Track It |

### Manage Incoming Packages

Track all your packages from a dashboard. No tracking numbers necessary.

My USPS ›

Sign up for

Electronically Filed
12/8/2015 1:27:42 PM
Hidalgo County District Clerks
Reviewed By: Amanda Pena

C-5472-15-I

## VERIFICATION

Before me, a notary public, on this day personally appeared Joseph Gerlicki, known to me to be the person whose name is subscribed on the return of service document and being by me first duly sworn states as follows: I am over the age of eighteen (18) years of age and am not a party to the above referenced lawsuit and I am not interested in the outcome of this lawsuit.   I declare that the statement therein contained is true and correct to the best of my knowledge.

**Joseph Gerlicki**
**SCH3003**
**Cert Exp. 10/31/2016**

Sworn and subscribed before me this the 4th day of December, 2015

Notary Public in and for
The State Of Texas

VELMA R. FLYNN
Notary Public, State of Texas
Comm. Expires 02-18-2019
Notary ID 399786-6

# EXHIBIT "A-4"

Electronically Filed
12/10/2015 3:59:23 PM
Hidalgo County District Clerks
Reviewed By: Amanda Pena

**CAUSE NO. C-5472-15-I**

| | | |
|---|---|---|
| **JERONIMO WEBER,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **V.** | § | **398ᵗʰ JUDICIAL DISTRICT** |
| | § | |
| **STATE FARM LLOYDS,** | § | |
| *Defendant.* | § | **HIDALGO COUNTY, TEXAS** |

## DEFENDANT STATE FARM LLOYD'S ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE

Comes now, STATE FARM LLOYDS (hereinafter referred to as "Defendant") in the above styled and numbered cause and files this Original Answer and Request for Disclosure.

### I.
### GENERAL DENIAL

1.      Defendant generally denies all of the material allegations contained in Plaintiff's Original Petition, and any amendment thereto, and demands strict proof thereof as allowed under the laws of the State of Texas. By this general denial, Defendant would require Plaintiff to prove every fact to support the claims in Plaintiff's Original Petition, and any amendment thereto, by a preponderance of the evidence.

### II.
### AFFIRMATIVE DEFENSES

2.      **Policy Coverage Provisions.**   Under the Insuring Agreement, Plaintiff must prove the actual cash value of damage resulting from an occurrence of accidental direct physical loss to the insured property during the policy period. Plaintiff lacks damages from accidental direct physical loss beyond those covered by State Farm.

3.      **Deductible/Offset.** Defendant is entitled to an offset or credit against Plaintiff's damages, if any, in the amount of Plaintiff's deductible in addition to all amounts paid by State

1

DATE_____

A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas

By_____ Deputy#13

Electronically Filed
12/10/2015 3:59:23 PM
Hidalgo County District Clerks
Reviewed By: Amanda Pena

Farm to Plaintiff.

4.     **Limit of Liability.**  Defendant's liability, if any, is limited to the amount of the policy limits under the subject policy, pursuant to the "Limit of Liability" and other clauses contained in the policy sued upon.

5.     **Losses Not Insured.** Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Original Petition are not covered under the applicable policy of insurance. The policy at issue specifically provides:

SECTION I- LOSSES NOT INSURED

1.     We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

g.     wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown;

i.     wet or dry rot;

l.     settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundation, walls, floors, roofs or ceilings;

Plaintiff has claimed damages to the residence specifically excluded from his policy as identified above and as explained to the Plaintiffs via pre-suit correspondence dated June 27, 2012 and December 18, 2013.

6.     **Failure of Policy Conditions/Conditions Precedent.**  Defendant hereby asserts all conditions of the policy at issue including but not limited to all terms, deductibles, limitations on coverage, exclusions set out in the policy, and all "duties after loss."

7.     **Pre-Existing Damages.**  Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Original Petition, none being admitted, pre-existed

2

Electronically Filed
12/10/2015 3:59:23 PM
Hidalgo County District Clerks
Reviewed By: Amanda Pena

the alleged occurrence of hail, wind and wind-driven rain.

      8.    **Bona Fide/Legitimate Dispute.**  A bona fide/legitimate dispute exists precluding Plaintiff's recovery of damages under extra-contractual theories including the common law duty of good faith and fair dealing, and for violations of the Texas Insurance Code or any other statutory or common law authority.

      9.    **Cap on Punitive Damages.**  Texas Civil Practice and Remedies Code §41.001, *et. seq.,* applies and punitive damages awarded, if any, are subject to the statutory limit set forth therein, other applicable statutory authority, and common law. Further, unless Plaintiff proves Defendant's liability for punitive damages, and the amount of punitive damages, if any, by clear and convincing evidence, any award of punitive damages would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution.

### III.
### REQUEST FOR DISCLOSURE

      10.    **Request for Disclosure.**  Under Texas Rule of Civil Procedure 194, Defendant requests that Plaintiff disclose, within 30 days of the service of this request, the information or material described in Rule 194.2.

### PRAYER

      Defendant prays that, upon final trial, Plaintiff take nothing and that Defendant recover its costs, and for such other further relief to which Defendant may show itself justly entitled, both in law and at equity.

Electronically Filed
12/10/2015 3:59:23 PM
Hidalgo County District Clerks
Reviewed By: Amanda Pena

Respectfully submitted,

**COWEN & GARZA, LLP**
506 E. Dove Avenue
McAllen, Texas 78504
T. 956.994.9170
F. 956.618.2324
Email: sarah@cowengarza.com

By:   */s/ Sarah Pierce Cowen*
      Sarah Pierce Cowen
      State Bar No. 15997480
      Summer Olmos
      State Bar No. 24051134

      **ATTORNEYS FOR DEFENDANT**


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on the following by facsimile on December 10, 2015.

***VIA FACSIMILE: (956) 627-4363***
Mr. David Degroot
The Degroot Law Firm, PLLC
3827 N. 10th Street, Ste. 304
McAllen, Texas 78501
Tel. 956-627-2787

*/s/ Sarah Pierce Cowen*
Sarah Pierce Cowen

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JERONIMO WEBER, | § | |
|     *Plaintiff,* | § | Civil Action No. _____ |
| | § | |
| vs. | § | **JURY DEMANDED** |
| | § | |
| STATE FARM LLOYDS, | § | |
|     *Defendant.* | § | |

## LIST OF ALL COUNSEL OF RECORD AND PARTIES REPRESENTED

Mr. David Degroot
State Bar No. 24044444
The Degroot Law Firm, PLLC
3827 N. 10th Street, Ste. 304
McAllen, Texas 78501
T. (956) 627-2787
F. (956) 627-4363
Email: degroot@degrootlaw.com
*Counsel for Plaintiff Jeronimo Weber*

Sarah P. Cowen
State Bar No. 15997480
Email: sarah@cowengarza.com
Viola G. Garza
State Bar No. 00787518
Email: viola@cowengarza.com
Summer Olmos
State Bar No. 2405113
Email: summer@cowengarza.com
Cowen & Garza, LLP
506 E. Dove Ave.
McAllen, Texas 78504
T. (956) 994-9170
F. (956) 618-2324
*Counsel for Defendant State Farm Lloyds*

# EXHIBIT "B"